Matter of Jarvis L. v Jasmine L.L. (2019 NY Slip Op 00050)





Matter of Jarvis L. v Jasmine L.L.


2019 NY Slip Op 00050


Decided on January 3, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 3, 2019

Sweeny, J.P., Gische, Kahn, Oing, Singh, JJ.


8013

[*1]In re Jarvis L., Petitioner-Respondent,
v
Jasmine L.L., Respondent-Appellant.


Leslie S. Lowenstein, Woodmere, for appellant.
Steve Cohen, New York, for respondent.
Kenneth M. Tuccillo, Hastings on Hudson, attorney for the child.



Order, Family Court, Bronx County (Dakota Ramseur, J.), entered on or about June 26, 2017, which, to the extent appealed from as limited by the briefs, granted sole legal custody of the subject child to petitioner father, unanimously affirmed, without costs.
Family Court's determination that it is in the child's best interests to award sole legal and primary physical custody to petitioner has a sound and substantial basis in the record (see Matter of David H. v Khalima H., 111 AD3d 544 [1st Dept 2013], lv dismissed 22 NY3d 1149 [2014]). The evidence demonstrates that the child thrives in the stable environment of petitioner's home and that petitioner is better equipped than respondent mother to address the child's educational, emotional, and material needs. For the first seven years of the child's life, while respondent was the child's primary caretaker, she had a difficult time providing a stable home environment for him, as evidenced by a series of relocations. Moreover, the child missed a substantial number of days from school, repeated the first grade, displayed behavioral problems, and changed school districts three times. During the year that he was in petitioner's care, the child thrived academically, participated in extracurricular activities, and exhibited improved behavior.
The record shows that petitioner was more willing than respondent to facilitate the noncustodial parent's relationship with the child (see Matter of Damien P.C. v Jennifer H.S., 57 AD3d 295 [1st Dept 2008], lv denied 12 NY3d 710 [2009]). While the child was in respondent's care, petitioner was unable to communicate with him daily. While in petitioner's care, the child was able to communicate with respondent, and petitioner arranged the child's travel to ensure that respondent had visitation with him.
The court also gave proper weight to the child's expressed preference to reside with petitioner (see Melissa C.D. v Rene I.D., 117 AD3d 407, 408 [1st Dept 2014]).
We have considered respondent's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 3, 2019
CLERK